The Honorable Kenneth Ashworth Commissioner Coordinating Board Texas College and University System P. O. Box 12788, Capitol Station Austin, Texas 78711
Re: Applicability of Texas Education Agency regulations to grievance proceedings before boards of public community college districts.
Dear Dr. Ashworth:
You have asked whether the procedures for hearings and appeals promulgated by the Texas Education Agency pursuant to section 11.13 of the Education Code are applicable to public junior or community college districts. Section 11.13 provides in pertinent part:
 (a) Persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education. . . .
 (b) The decisions of the commissioner of education shall be subject to review by the State Board of Education.
 (c) Any person, county, or school district aggrieved by any action of the Central Education Agency may appeal to a district court in Travis County, Texas. . . .
You state that the board of trustees for the El Paso Junior College District recently received a request from a number of its employees for a hearing at which those employees might present grievances. The district's board of trustees has indicated its commitment to satisfying pertinent standards of procedural and substantive due process, but questions the applicability of regulations issued by the Texas Education Agency pursuant to section 11.13.
The Education Code authorizes the Coordinating Board for the Texas College and University System to exercise `general control of the public junior colleges' of Texas. Education Code, §§61.060, 130.001. All authority not vested in the Coordinating Board is `reserved and retained locally in each respective public junior college district. . . .' Education Code, § 61.060. Thus, we have previously said:
 [W]ith the exception of certain aspects of vocational and technical programs, neither the commissioner of education nor the State Board of Education exercises control over junior colleges, that control generally being vested in the Coordinating Board, local public junior college districts, and the governing board of each public junior college. Attorney General Opinion H-541 (1975) at 1-2.
We consider Attorney General Opinion H-541 to be dispositive of the question you pose. Section 11.13 of the Education Code confers upon neither the commissioner of education nor the State Board of Education authority to hear appeals from actions of public junior college boards of trustees. Accordingly, rules and regulations relative to the conduct of hearing and appeals issued by the Texas Education Agency pursuant to section 11.13 of the Education Code are inapplicable to hearings before the governing boards of public junior or community college districts, except insofar as those hearings concern vocational and technical programs under the jurisdiction of the State Board of Vocational Education. See Attorney General Opinions H-580 and H-541 (1975).
 SUMMARY
Rules relative to the conduct of hearings and appeals issued by the Texas Education Agency are inapplicable to hearings before the governing boards of public junior or community college districts, except insofar as those hearings concern vocational and technical programs under the jurisdiction of the State Board of Vocational Education.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee